UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| BARBARA ANN MARTIN, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. |
| | ) |
| BIG LOTS STORES, INC., | ) 2:06-CV-00379-MEF-CSC |
| | ) |
|    Defendant. | ) |
| | ) |

**DEFENDANT BIG LOTS STORES, INC.'S ANSWER
TO PLAINTIFF'S COMPLAINT**

Defendant Big Lots Stores, Inc. ("Big Lots"), by and through undersigned counsel, hereby files its Answer in response to the pro se Complaint of Plaintiff Barbara Ann Martin ("Plaintiff"), stating as follows:

1.

Big Lots lacks sufficient information to admit or deny the allegations in Paragraph 1 of the Complaint. Therefore, such allegations are denied.

2.

Answering Paragraph 2 of the Complaint, Big Lots admits its name is Big Lots Stores, Inc. Big Lots further admits it operated a retail store at 2885 East South Boulevard, Montgomery, Alabama. Big Lots also admits the nature of its business is retail merchandising and that it employs over 500 employees at its various locations throughout the United States. Big Lots denies the remaining allegations in Paragraph 2.

3.

Answering Paragraph 3 of the Complaint, Big Lots admits the nature of the action as pled, but denies engaging in any discrimination or other unlawful conduct in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). Big Lots further admits Plaintiff alleges this Court has jurisdiction pursuant to 42 U.S.C. § 2000e-5, and that Plaintiff alleges she is seeking equitable and other relief pursuant to 42 U.S.C. § 2000e-5(g). To the extent, however, any alleged bases for jurisdiction or relief imply this action is proper or Plaintiff is entitled to any remedy or relief from Big Lots, such inference is denied. Big Lots denies any remaining allegations in Paragraph 3.

4.

Answering Paragraph 4 of the Complaint, Big Lots admits only that Plaintiff alleges a hostile work environment based on her race and/or sex. Big Lots denies this allegation and further denies Plaintiff was subjected to any discrimination, harassment, or other unlawful conduct at any time during her employment. Big Lots denies any remaining allegations in Paragraph 4.

5.

Answering Paragraph 5 of the Complaint, Big Lots admits it does not presently employ Plaintiff. Big Lots further admits Plaintiff was discharged. Big Lots denies the remaining allegations in Paragraph 5. In further response, Big Lots states Plaintiff was hired by Big Lots on April 29, 2003, and Plaintiff was employed by Big Lots until her employment was terminated on or about June 27, 2005 for misconduct involving admitted dishonesty.

6.

Big Lots denies the allegations in Paragraph 6 of the Complaint. Big Lots further denies Plaintiff was subjected to any discrimination or other unlawful conduct at any time during her employment.

7.

Answering Paragraph 7 of the Complaint, Big Lots admits only that Plaintiff alleges Billy Prigen, Jerry Culpepper, and Michael Williams discriminated against her during her employment. Big Lots denies this allegation and further denies Plaintiff was subjected to any discrimination or

other unlawful conduct at any time during her employment. Big Lots also denies Plaintiff is entitled to any remedy or relief from Big Lots. Big Lots denies any remaining allegations in Paragraph 7 of the Complaint.

8.

Answering Paragraph 8 of the Complaint, Big Lots admits only that Plaintiff alleges discrimination occurred on or about March 28-30, 2005. Big Lots denies this allegation and further denies Plaintiff was subjected to any discrimination or other unlawful conduct at any time during her employment. Big Lots denies any remaining allegations in Paragraph 8.

9.

Answering Paragraph 9 of the Complaint, Big Lots admits only that Plaintiff did not request, nor was she offered, an opportunity to transfer to another Big Lots store location following her discharge for misconduct involving admitted dishonesty. Big Lots denies the remaining allegations in Paragraph 9.

10.

Big Lots denies the allegations in Paragraph 10 of the Complaint. Big Lots further denies Plaintiff was subjected to any discrimination or other unlawful conduct at any time during her employment.

11.

Answering Paragraph 11 of the Complaint, Big Lots admits Plaintiff filed charges against Big Lots with the Equal Employment Opportunity Commission (the "EEOC"), but denies the EEOC charges were filed by Plaintiff on or about September 22, 2005. Big Lots further admits the EEOC issued Plaintiff a Dismissal and Notice of Rights (Right to Sue Letter) with respect to her EEOC Charge No. 130-2005-06903 on February 6, 2006. To the extent that Plaintiff's filing of EEOC charges or the EEOC's issuance of a Dismissal and Notice of Rights implies Plaintiff was subjected to discrimination or harassment by Big Lots or that Plaintiff is entitled to any remedy or relief from Big Lots, such inference is denied. Big Lots is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11. Therefore, such allegations are

denied.

12.

Paragraph 12 of the Complaint is a request for relief requiring neither an admission nor a denial by Big Lots. To the extent the request for relief gives rise to any inference that Plaintiff is entitled to any remedy or relief from Big Lots, such inference is denied.

## AFFIRMATIVE AND OTHER DEFENSES

In addition, or in the alternative, Big Lots states:

### FIRST DEFENSE

The Complaint should be dismissed, in whole or in part, because some or all of Plaintiff's allegations do not state a legal claim upon which relief can be granted.

### SECOND DEFENSE

The Complaint should be dismissed, in whole or in part, based on the lack of subject matter jurisdiction.

### THIRD DEFENSE

The Complaint is barred, in whole or in part, because Plaintiff's own conduct proximately caused her alleged injuries.

### FOURTH DEFENSE

The Complaint is barred, in whole or in part, because Big Lots has at all times acted reasonably and in good faith toward Plaintiff.

### FIFTH DEFENSE

The Complaint is barred, in whole or in part, by Plaintiff's failure to mitigate her alleged damages.

### SIXTH DEFENSE

The Complaint is barred, in whole or in part, because the damages allegedly suffered by Plaintiff are too remote to form the basis of any recovery against Big Lots.

### SEVENTH DEFENSE

The Complaint is barred, in whole or in part, by the applicable statutes of limitations.

**EIGHTH DEFENSE**

The Complaint is barred, in whole or in part, because Plaintiff was employed on an at-will basis.

**NINTH DEFENSE**

Big Lots has a well-disseminated and consistently enforced policy against discrimination, harassment, and retaliation, as well as a reasonable and available procedure for receiving and investigating complaints of discrimination, harassment, and retaliation. To the extent Plaintiff failed to use or otherwise avail herself of these policies or procedures, her claims are barred.

**TENTH DEFENSE**

Any claim for discrimination, harassment, or retaliation is barred and/or recovery of damages for such is precluded because Big Lots exercised reasonable care to prevent and promptly correct any allegedly discriminatory, harassing, or retaliatory conduct.

**ELEVENTH DEFENSE**

Any claim for discrimination, harassment, or retaliation is barred and/or recovery of damages for such is precluded because Plaintiff unreasonably failed to take advantage of Big Lots' preventative or corrective mechanisms or to otherwise avoid harm.

**TWELTH DEFENSE**

The Complaint is barred, in whole or in part, because all actions taken by Big Lots with respect to Plaintiff were for legitimate, non-discriminatory, and non-retaliatory business purposes.

**THIRTEENTH DEFENSE**

Some or all of the claims alleged in the Complaint are barred because any actions taken by Big Lots toward Plaintiff were based on reasonable factors other than race, sex, or alleged retaliatory motive.

**FOURTEENTH DEFENSE**

The Complaint is barred because even if any adverse employment actions by Big Lots toward Plaintiff were motivated in part by Plaintiff's race or sex, which they were not, Big Lots would have made the same decisions regardless of her race or sex.

5

**FIFTEENTH DEFENSE**

The Complaint is barred because even if any adverse employment actions by Big Lots toward Plaintiff were motivated in part by claims of discrimination, harassment, or retaliation, or by any opposition to alleged unlawful conduct, which they were not, Big Lots would have made the same decisions regardless of such claims or opposition.

**SIXTEENTH DEFENSE**

To the extent Plaintiff alleges one or more of Big Lots' employees discriminated or retaliated against her, harassed her, or acted in a tortious and vexatious fashion, such conduct, if it occurred, was outside the course and scope of that individual's employment, was not condoned by Big Lots, and was taken without the knowledge or consent of Big Lots. Accordingly, Big Lots is not liable for such conduct if it occurred.

**SEVENTEENTH DEFENSE**

The Complaint is barred, in whole or in part, to the extent Plaintiff failed to exhaust her administrative remedies or comply with the jurisdictional prerequisites to filing suit.

**EIGHTEENTH DEFENSE**

To the extent Plaintiff asserts or attempts to assert claims outside the scope of her EEOC charge, such claims are barred for failure to fulfill all the conditions precedent to maintaining such claims.

**NINETEENTH DEFENSE**

Plaintiff is not entitled to recover any compensatory or punitive damages, costs, or fees and any such allegations should be stricken because Plaintiff has failed to plead facts sufficient to support such damages, costs, or fees.

**TWENTIETH DEFENSE**

The Complaint is barred, in whole or in part, to the extent Plaintiff seeks to recover damages in excess of the type and amounts allowed or provided by law.

**TWENTY-FIRST DEFENSE**

The Complaint is barred, in whole or in part, by the doctrine of after-acquired evidence.

## **TWENTY-SECOND DEFENSE**

Some or all of the claims alleged in the Complaint are barred by the doctrines of unclean hands, estoppel, laches, or waiver.

## **TWENTY-THIRD DEFENSE**

Big Lots reserves all other defenses available under Title VII and any other law or statute relied on by Plaintiff in her Complaint.

## **TWENTY-FOURTH DEFENSE**

Big Lots denies all allegations not specifically admitted herein. Big Lots reserves the right to amend its Answer and to add defenses or counterclaims which may become known during the course of this action.

WHEREFORE, having fully answered the Complaint, Big Lots respectfully requests:

a. Judgment be entered in its favor and all claims asserted in the Complaint be dismissed with prejudice;

b. Judgment be entered against Plaintiff and in favor of Big Lots for all costs and attorneys' fees incurred by Big Lots in its defense of this action; and

c. Big Lots have and recover such other and further relief as the Court may deem just and proper.

Respectfully submitted this 30th day of May, 2006.

> Stephen X. Munger
> Georgia Bar No. 529611
> Gregory L. Smith, Jr.
> Georgia Bar No. 658369
> JACKSON LEWIS LLP
> 1900 Marquis One Tower
> 245 Peachtree Center Avenue, N.E.
> Atlanta, Georgia 30303-1226
> Telephone: 404-525-8200
> Facsimile: 404-525-1173

LOCAL COUNSEL:                          /s/ Joseph T. Carpenter
                                                  Joseph T. Carpenter
                                                  Alabama Bar No. 5114C59J
                                                  CARPENTER, INGRAM & MOSHOLDER, LLP
                                                  303 Sterling Centre
                                                  4121 Carmichael Road
                                                  Montgomery, Alabama  36106
                                                  Telephone:    334-213-5600
                                                  Facsimile:    334-213-5650

                                                  ATTORNEYS FOR DEFENDANT
                                                  BIG LOTS STORES, INC.

**CERTIFICATE OF SERVICE**

I, Joseph T. Carpenter, do hereby certify I have served Plaintiff with the foregoing **DEFENDANT BIG LOTS STORES, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** by causing a copy to be sent via certified mail, return receipt requested, to:

Barbara Ann Martin<br>
4900 Plaza Drive, Apartment No. 146<br>
Montgomery, Alabama  36116

This, the 30th day of May, 2006.

/s/ Joseph T. Carpenter
Joseph T. Carpenter