# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BARBARA ANN MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | |
| BIG LOTS STORES, INC., | ) | 2:06-CV-00379-MEF-CSC |
| | ) | |
| Defendant. | ) | |
| | ) | |

## **DEFENDANT BIG LOTS STORES, INC.'S FIRST SET OF INTERROGATORIES**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Big Lots Stores, Inc. ("Big Lots" or the "Company") hereby requests that Plaintiff Barbara Ann Martin ("Plaintiff") answer the following Interrogatories within thirty (30) days of service and in accordance with the following Instructions and Definitions.

### **INSTRUCTIONS**

A.    These Interrogatories are continuing in nature, and Plaintiff shall promptly supplement her answers if she, or anyone acting on her behalf, obtains further or different information after the initial answers are served.

B.    Plaintiff is to furnish all information available to her, including information known to her attorneys, agents, investigators, employees, representatives, or other persons acting on her behalf.

C.    If Plaintiff objects to an Interrogatory, the objection is to be stated in full, along with a citation of any legal authority relied upon. If an objection is stated with respect to a portion of an Interrogatory, the remaining portion of the Interrogatory is to be answered

notwithstanding the objection. If Plaintiff objects to the scope or time period of an Interrogatory, the objection is to be stated and the Interrogatory answered for the scope and time period which Plaintiff believes is appropriate.

D.    If any Interrogatory cannot be answered in full after exercising due diligence to secure the information, so state and answer to the extent possible, specifying Plaintiff's inability to answer. If for any reason an answer is qualified, set forth the details of such qualification.

E.    Should Plaintiff assert a privilege as to any information that is requested, specify the general subject matter of the information and the basis for the contention that such information is privileged.

F.    Any sentence or phrase formed in the disjunctive shall also be read in the conjunctive, and vice versa.

G.    Any word formed in the singular shall also be read in the plural, and vice versa.

H.    Any verb formed in the present tense shall also be read in the past, imperfect, and future tenses, and vice versa.

I.    Any pronoun in the masculine gender shall also be read in the feminine gender, and vice versa.

J.    If any document identified was, but no longer is, in Plaintiff's custody, possession, or control, state what disposition was made of it, identify its present custodian, and state who ordered or authorized such disposition.

K.    In accordance with Rule 33 of the Federal Rules of Civil Procedure, the answers to these Interrogatories are to be made in writing under oath, and are to be signed by the person making them. Any objections are to be signed by the attorney(s) making them.

## DEFINITIONS

A.     As used herein, the term "document" means all original writings of any nature whatsoever and all copies thereof which are not identical to the original or which contain any commentary or notation that does not appear on the original, whether written, printed, recorded or graphic matter, photographic matter, or sound reproduction of any kind in any form whatsoever of which Plaintiff has knowledge, whether or not such documents are in Plaintiff's possession, custody, or control, and irrespective of who prepared or signed such documents.  In all cases where originals and/or non-identical copies are not available, "documents" also means identical copies of original documents and copies of non-identical copies.

B.     The terms "identify" and "identity," when used with reference to a natural person, mean the person's full name, present position and employer, present residential and business address, and present residential and business telephone number.  When used with reference to an entity other than a natural person, the terms mean the entity's full name, the address of its principal office or place of business, its business telephone number, and the identity of the officer, representative, agent or employee, current or former, who has any knowledge or information pertaining to the subject matter of the Interrogatory.  When used with reference to a document, the terms mean the document's date, author, addressee, type (e.g., letter, memorandum, note, chart, etc.), and name and address of its present custodian.  When used with reference to a communication, the terms mean the type of communication (oral statement, telephone conversation, etc.), the date it was made, the identity of the person(s) making it, the identity of the recipient(s), the identity of any witness(es), and the substance of the contents.

C.    As used herein, the term "person" means individuals or entities of any type, including, but not limited to, natural persons, governments (or any agencies thereof), quasi-public entities, corporations, partnerships, groups, mutual or joint ventures, and other forms of organizations or associations.

D.    "Date" shall mean the exact day, month, and year, if ascertainable, or if not, the best approximation thereof (including by relationship to other events).

E.    The phrase "describe in detail" calls for a complete description of all facts which are pertinent to the act, occurrence, or event in question, including where applicable, the date, time, place, circumstance, nature, substance, description, or explanation of the act, event, or occurrence, and the identity of all persons or entities involved in the act, event, or occurrence.

F.    The terms "you" and "your" refer to Plaintiff and/or any agent or representative acting on Plaintiff's behalf.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Provide the complete addresses of all locations where you have resided in the last ten (10) years and, for each such location, provide the dates of residence.

### RESPONSE:

**INTERROGATORY NO. 2:**

Identify all high schools, colleges, universities, trade schools, special skill classes, or other educational institutions you have attended or educational programs in which you have participated, and, for each such institution or program, specify:

    a.    the name and address of such institution or program;

    b.    the dates you attended such institution or participated in such program;

    c.    your grade point average;

    d.    all degrees, diplomas, certifications, or licenses sought and/or obtained from each such institution or program; and

    e.    the date you obtained each such degree, diploma, certification, or license.

**RESPONSE:**

**INTERROGATORY NO. 3:**

Identify by name, address, and telephone number each person or entity for whom you performed services during the ten (10) year period prior to your employment with Big Lots and during your employment with Big Lots (including self-employment), and describe your employment, including, but not limited to, the dates of your employment, the position(s) held, the name of your supervisor(s), your compensation (including salary, bonuses, and fringe benefits, and the date and amount of any raises), and, if applicable, the reason your employment ended.

**RESPONSE:**

**INTERROGATORY NO. 4:**

Identify by name, address, and telephone number each person or entity for whom you have performed services since your employment with Big Lots ended, and describe your employment, including, but not limited to, the dates of your employment, the position(s) held, the name of your supervisor(s), your compensation (including salary, bonuses, and fringe benefits, and the date and amount of any raises), and, if applicable, the reason your employment ended.

**RESPONSE:**

**INTERROGATORY NO. 5:**

Describe in detail all efforts you have made to obtain other employment since your employment with Big Lots ended, including, but not limited to, the name and address of any prospective employer or employment agency you contacted or that contacted you regarding potential employment, the method and date of each such contact, the position sought and the associated salary, the identity of the employer representative(s) you contacted or with whom you spoke, and the results of each such contact, including whether you were offered employment or whether you were rejected.

**RESPONSE:**

## INTERROGATORY NO. 6:

Identify by name and address any physician, psychologist, healthcare provider, social worker, counselor, or other individual (or entity) with whom you have sought, and/or are currently seeking treatment or counseling for physical or emotional pain, suffering, inconvenience, mental anguish, stress, or anxiety allegedly caused by Big Lots, including the dates of each such treatment.

## RESPONSE:

**INTERROGATORY NO. 7:**

If you have been examined by, treated by, or have otherwise consulted with a physician, psychiatrist, psychologist, therapist, or other healthcare provider in the last ten (10) years, identify each such healthcare provider by name and address and provide the dates of each such examination, treatment, or consultation, and a description of any complaint, examination results, diagnosis, treatment, and prognosis. The scope of this Interrogatory includes, but is not limited to, any healthcare provider from whom you have received treatment in connection with any allegations in this lawsuit.

**RESPONSE:**

## INTERROGATORY NO. 8:

Please state the name and dosage of any medications that have been prescribed to you in the last ten (10) years, and, for each medication, provide the name and address of the medical provider who prescribed such medication, the reason such medication was prescribed, and the period such medication was taken.

## RESPONSE:

**INTERROGATORY NO. 9:**

Identify by name, date, agency, or court any judicial and administrative proceedings (civil, bankruptcy, or criminal, including, but not limited to, social security proceedings, bankruptcy proceedings, or unemployment proceedings), other than this action, to which you have been a party or witness and describe the nature of the proceeding, including the subject matter, location, jurisdiction, nature of your involvement, including any testimony you may have given, and the outcome or present status.

**RESPONSE:**

**INTERROGATORY NO. 10:**

Identify each charge or complaint that you have ever filed with any government agency, and describe in detail the nature of the charge(s) or complaint(s) and the outcome(s).

**RESPONSE:**

**INTERROGATORY NO. 11:**

Identify all persons with whom you have communicated concerning the facts, allegations, or issues involved in this action, including, without limitation, any current or former employees of Big Lots, and describe in detail the substance, date, time, and location of each communication.

**RESPONSE:**

**INTERROGATORY NO. 12:**

Describe in detail any complaint you made to any Big Lots employee or representative concerning harassment, discrimination, or retaliation, or other unlawful conduct, including, but not limited to, the name and title of the individual to whom you complained, the date of such complaint, the precise nature of the complaint (specifying your statements), and the response of the person to whom you complained.

**RESPONSE:**

## INTERROGATORY NO. 13:

State whether any statement, written or otherwise, was obtained from anyone who was interviewed or questioned on your behalf in connection with this litigation. If your answer is in the affirmative, identify the person(s) giving such statement(s), the date(s) of the statement(s), identify all persons who have present custody of the statement(s), identify any person who has seen or examined such statement(s), and describe the statement(s) in detail.

## RESPONSE:

## INTERROGATORY NO. 14:

Identify each person having personal knowledge of any facts or matters that support or controvert your claims or allegations in this action, and describe in detail the nature and extent of the knowledge possessed by each such person.

## RESPONSE:

## INTERROGATORY NO. 15:

Identify each person whom you may call as a witness at the trial of this case, and, for each such person, state the substance of the testimony he or she is expected to give.

## RESPONSE:

**INTERROGATORY NO. 16:**

Identify each document, communication, photograph, audiotape, videotape, computer file, electronic communication or file, or other recording that refers or relates to any facts or matters alleged in the Complaint, including the relief sought, or in your answers to these Interrogatories, including, but not limited to, those documents you may introduce into evidence or use in any manner during the course of this litigation, including trial.

**RESPONSE:**

**INTERROGATORY NO. 17:**

Identify and state the qualifications and areas of expertise of each person you intend to call as an expert witness for any issue in this action, the subject matter on which each expert is expected to testify, the substance of the facts and opinions to which each expert is expected to testify, a summary of the grounds for each opinion, all documents and other information which have been provided to or received from each such person, and any additional information set forth in FED. R. CIV. P. 26(a)(2)(A) and (B).

**RESPONSE:**

**INTERROGATORY NO. 18:**

Identify any expert who has been consulted, retained, or employed by you in anticipation of this litigation or preparation for trial, but who is not expected to be called at trial.

**RESPONSE:**

**INTERROGATORY NO. 19:**

Itemize all damages you claim to have suffered as a result of the alleged unlawful conduct by Big Lots, and specify the nature of the damages, the dollar amount, and how you calculate the amount. Please fully answer this Interrogatory with all information available at this time and timely supplement your response in accordance with the Federal Rules of Civil Procedure.

**RESPONSE:**

Respectfully submitted this 25th day of July, 2006.

Stephen X. Munger
Georgia Bar No. 529611
Gregory L. Smith, Jr.
Georgia Bar No. 658369
JACKSON LEWIS LLP
1900 Marquis One Tower
245 Peachtree Center Avenue, N.E.
Atlanta, Georgia  30303-1226
Telephone:    404-525-8200
Facsimile:    404-525-1173


LOCAL COUNSEL:

Joseph T. Carpenter
Alabama Bar No. 5114C59J
CARPENTER, INGRAM & MOSHOLDER, LLP
303 Sterling Centre
4121 Carmichael Road
Montgomery, Alabama  36106
Telephone:    334-213-5600
Facsimile:    334-213-5650

ATTORNEYS FOR DEFENDANT
BIG LOTS STORES, INC.

## CERTIFICATE OF SERVICE

I, Gregory L. Smith, Jr., do hereby certify I have served Plaintiff with the foregoing

**DEFENDANT BIG LOTS STORES, INC.'S FIRST SET OF INTERROGATORIES** by

causing a copy to be sent via certified mail, return receipt requested, to:

Barbara Ann Martin
4900 Plaza Drive, Apartment No. 146
Montgomery, Alabama 36116

This, the 25th day of July, 2006.

Gregory L. Smith, Jr.

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BARBARA ANN MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | |
| BIG LOTS STORES, INC., | ) | 2:06-CV-00379-MEF-CSC |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## DEFENDANT BIG LOTS STORES, INC.'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Big Lots Stores, Inc. ("Big Lots" or the "Company") hereby serves Plaintiff Barbara Ann Martin ("Plaintiff") with the following Requests for Production of Documents. The requested documents should be made available for inspection and copying at the law offices of Jackson Lewis LLP within thirty (30) days of service of these Requests.

## INSTRUCTIONS

A.    These Requests are continuing in nature, and Plaintiff shall promptly supplement her responses if she, or anyone acting on her behalf, obtains additional documents after the initial responses are served.

B.    If Plaintiff objects to a Request, the objection is to be stated in full, along with a citation of any legal authority relied upon. If an objection is stated with respect to a portion of a Request, the remaining portion of the Request should be responded to notwithstanding the objection.

C.     Any sentence or phrase formed in the disjunctive shall also be read in the conjunctive, and vice versa.

D.     Any word formed in the singular shall also be read in the plural, and vice versa.

E.     Any verb formed in the present tense shall also be read in the past, imperfect, and future tenses, and vice versa.

F.     Any pronoun in the masculine gender shall also be taken in the feminine gender, and vice versa.

G.     If any document was, but no longer is, in Plaintiff's custody, possession, or control, state what disposition was made of it, identify its present custodian, and state who ordered or authorized such disposition.

H.     If any form of privilege is claimed as grounds for not producing a document, state: (a) the number of the Request(s) to which the document is responsive; (b) the nature of and basis for the privilege claimed; (c) the document's date, author, addressee, type (e.g., letter, memorandum, note, chart, etc.), number of pages, and general subject matter; (d) the identity of all persons who have knowledge of the contents of the document; (e) the identity of each person to whom copies of the document have ever been furnished; (f) the addresses and telephone numbers of the author and those individuals who received copies; and (g) whether the document contains any non-privileged material and, if so, a description thereof.

I.     These Requests encompass all documents in the possession, custody, or control of Plaintiff or to which Plaintiff has access, whether or not such documents were prepared by or for Plaintiff. It includes all documents in the possession, custody or control of Plaintiff's attorneys, agents, investigators, employees, representatives, or other parties acting on Plaintiff's behalf, unless privileged.

2

J.    Plaintiff shall either organize and label the produced documents to correspond with the paragraphs in the following Requests or shall produce them as they are kept in the usual course of business.

## DEFINITIONS

A.    As used herein, the term "document" is defined so as to reach all written or printed matter within the scope of Rule 34 of the Federal Rules of Civil Procedure and all "writings and recordings" as defined in Rule 1001 of the Federal Rules of Evidence, including writings, drawings, graphs, charts, photographs, films, mechanical or electronic recordings, and any other data or information compilations from which information can be obtained; the term also includes all drafts, alterations, modifications, and non-identical copies of any of the foregoing.

B.    The terms "relevant" or "relate(s)" are defined so as to reach all matters within the scope of discovery under the Federal Rules of Civil Procedure, including all matters which, though inadmissible at the trial, are reasonably calculated to lead to the discovery of admissible evidence.

C.    The term "person" includes a natural person, corporation, partnership, other business association or entity, and any governmental body.

D.    The terms "you" and "your" refer to Plaintiff and/or any agent or representative acting on Plaintiff's behalf.

## DOCUMENTS TO BE PRODUCED

Plaintiff is requested to produce the following documents:

## REQUEST NO. 1:

All documents, including, but not limited to, audio/visual electronic recordings and communications, tape recordings, and photographs, which relate to, refer to, support, or controvert the allegations you have made in this lawsuit.

## RESPONSE:

**REQUEST NO. 2:**

All documents which refer to, relate to, or describe your educational background, occupational training, work experience, and qualifications, including, but not limited to, all resumes, transcripts, diplomas, licenses, and certifications.

**RESPONSE:**

**REQUEST NO. 3:**

All documents that relate in any way to your employment with any employer (including self-employment) within the ten (10) year period prior to your employment with Big Lots or during your employment with Big Lots, including, but not limited to, applications, email messages, diaries, journals, calendars, daytimers, notes, complaints, memoranda, correspondence, incident reports, pay records or stubs, expense reports, performance evaluations, applications or requests for promotion, disciplinary records, benefit descriptions, logs, reports, and separation documents.

**RESPONSE:**

**REQUEST NO. 4:**

All documents that relate in any way to your employment with any employer (including self-employment) since your employment with Big Lots ended, including, but not limited to, applications, email messages, diaries, journals, calendars, daytimers, notes, complaints, memoranda, correspondence, incident reports, pay records or stubs, expense reports, sales records, performance evaluations, applications or requests for promotion, disciplinary records, benefit descriptions, logs, reports, and separation documents.

**RESPONSE:**

**REQUEST NO. 5:**

All documents that relate in any way to any attempts you have made to obtain employment with any person or entity since your employment with Big Lots ended, including, but not limited to, correspondence to and from such person or entity (including electronic communications), applications, resumes, notes, and telephone logs.

**RESPONSE:**

**REQUEST NO. 6:**

All documents which relate in any way to your employment with Big Lots, or the claims in this lawsuit, including, but not limited to, applications, email messages, diaries, journals, calendars, daytimers, notes, complaints, memoranda, correspondence, incident reports, pay records or stubs, expense reports, performance evaluations, applications or requests for promotions, disciplinary records, employee handbooks, employment policies, benefit descriptions, logs, reports, and separation documents.

**RESPONSE:**

**REQUEST NO. 7:**

All documents which refer to, relate to, or describe any complaints you made to any Big Lots employee or representative regarding unlawful conduct, including, but not limited to, email messages, notes, memoranda, correspondence, and tape recordings.

**RESPONSE:**

**REQUEST NO. 8:**

All documents in your possession which refer to or relate to Big Lots.

**RESPONSE:**

**REQUEST NO. 9:**

All documents which relate to, refer to, or describe any oral or written communications or statements made by any past or present officer, agent, employee, representative, or consultant of Big Lots concerning any allegations in the Complaint, or pertaining to this action, related administrative or judicial actions, or their subject matters.

**RESPONSE:**

**REQUEST NO. 10:**

All documents consisting of, or relating or referring to, any statements taken from or given by you or taken from or given by any other individual regarding the claims alleged in the Complaint or concerning the subject matter of this lawsuit.

**RESPONSE:**

**REQUEST NO. 11:**

All documents which relate to, refer to, or describe any medical treatment that you have received in the past ten (10) years, including, but not limited to, medical records, written evaluations, statements, diagnoses, medical assessments, notes, and prescriptions, as well as any other documents that relate to, refer to, or describe your medical, physical, mental, or emotional condition during the past ten (10) years.

**RESPONSE:**

**REQUEST NO. 12:**

All documents which relate to, refer to, support, or controvert the allegations in Paragraphs 4, 6, 7, 8, and 9 of your Complaint.

**RESPONSE:**

**REQUEST NO. 13:**

All documents which relate to, refer to, or describe the judicial and/or administrative proceedings (civil, bankruptcy, or criminal, including, but not limited to, social security proceedings, bankruptcy proceedings, or unemployment proceedings), other than this action, to which you have been a party, or a witness at a deposition, via affidavit, or at a hearing or trial.

**RESPONSE:**

**REQUEST NO. 14:**

All documents regarding allegations of unlawful conduct relating to Big Lots, or any other employer or individual, that you provided to or received from the Equal Employment Opportunity Commission or any other governmental agency, whether federal, state, or local.

**RESPONSE:**

**REQUEST NO. 15:**

All documents reflecting income or compensation of any kind that you have received, including, but not limited to, pay records and stubs and your complete state and federal income tax returns and W-2 forms, from January 1, 2001 through the present.

**RESPONSE:**

**REQUEST NO. 16:**

All documents which relate to, refer to, describe, support, or controvert any and all damages (by nature and amount, including punitive) that you claim you are entitled to receive from Big Lots.

**RESPONSE:**

**REQUEST NO. 17:**

All documents referring to or identifying any experts with whom you or anyone acting on your behalf have consulted on any issue for this case or whom you expect to call as a witness at trial, including all documents referring or relating to the subject matter of any such expert's testimony, as well as the substance of all facts and opinions, and grounds for such opinions, to be presented in connection with such expected testimony.

**RESPONSE:**

**REQUEST NO. 18:**

All documents which were relied upon, referred to, or identified in your Initial Disclosures and responses to Big Lots' Interrogatories.

**RESPONSE:**

**REQUEST NO. 19:**

Any other documents referring or relating to any claims or defenses in this matter, including, but not limited to, those documents you may introduce into evidence or use in any manner during the course of this litigation, including trial.

**RESPONSE:**

Respectfully submitted this 25th day of July, 2006.

Stephen X. Munger
Georgia Bar No. 529611
Gregory L. Smith, Jr.
Georgia Bar No. 658369
JACKSON LEWIS LLP
1900 Marquis One Tower
245 Peachtree Center Avenue, N.E.
Atlanta, Georgia  30303-1226
Telephone:    404-525-8200
Facsimile:    404-525-1173

LOCAL COUNSEL:

Joseph T. Carpenter
Alabama Bar No. 5114C59J
CARPENTER, INGRAM & MOSHOLDER, LLP
303 Sterling Centre
4121 Carmichael Road
Montgomery, Alabama  36106
Telephone:    334-213-5600
Facsimile:    334-213-5650

ATTORNEYS FOR DEFENDANT
BIG LOTS STORES, INC.

## CERTIFICATE OF SERVICE

I, Gregory L. Smith, Jr., do hereby certify I have served Plaintiff with the foregoing

**DEFENDANT BIG LOTS STORES, INC.'S FIRST REQUESTS FOR PRODUCTION OF**

**DOCUMENTS** by causing a copy to be sent via certified mail, return receipt requested, to:

Barbara Ann Martin
4900 Plaza Drive, Apartment No. 146
Montgomery, Alabama  36116

This, the 25th day of July, 2006.

Gregory L. Smith, Jr.

# EXHIBIT B



| | | | |
|---|---|---|---|
| **Jackson Lewis LLP** | ATLANTA, GA | LOS ANGELES, CA | RALEIGH-DURHAM, NC |
| **1900 Marquis One Tower** | BOSTON, MA | MIAMI, FL | SACRAMENTO, CA |
| **245 Peachtree Center Avenue, NE** | CHICAGO, IL | MINNEAPOLIS, MN | SAN FRANCISCO, CA |
| **Atlanta, Georgia 30303-1226** | DALLAS, TX | MORRISTOWN, NJ | SEATTLE, WA |
| **Tel 404 525-8200** | GREENVILLE, SC | NEW YORK, NY | STAMFORD, CT |
| **Fax 404 525-1173** | HARTFORD, CT | ORLANDO, FL | WASHINGTON, DC REGION |
| **www.jacksonlewis.com** | LONG ISLAND, NY | PITTSBURGH, PA | WHITE PLAINS, NY |

GREGORY L. SMITH, JR.
DIRECT DIAL: 404-586-1816
EMAIL ADDRESS: SMITHG@JACKSONLEWIS.COM

July 25, 2006

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Ms. Barbara Ann Martin
4900 Plaza Drive
Apartment No. 146
Montgomery, Alabama  36111

Re:  Barbara Ann Martin v. Big Lots Stores, Inc.;
Civil Action No. 2:06-CV-00379-MEF

Dear Ms. Martin:

  We have enclosed Defendant Big Lots Stores, Inc.'s First Set of Interrogatories and First Requests for Production of Documents.  Please provide timely responses in compliance with Rules 33 and 34 of the Federal Rules of Civil Procedure.

  Also, please contact me at the number above at your earliest convenience so that we can schedule your deposition.  When you call, please provide your available dates in August and September, 2006.

Very truly yours,

JACKSON LEWIS LLP

Gregory L. Smith, Jr.

GLSjr/jb
Enclosures

# EXHIBIT C

FIRST CLASS MAIL

PS Form 3800, 6/02

7111 1206 6450 0200 0165

jackson lewis

UNCLAIMED

102263

Jackson Lewis LLP
One Tower
245 Peachtree Center Avenue, NE
Atlanta, Georgia 30303-1226

Attorneys at Law

1694
1/27/06

8-1-06
8-11-06

RECEIVED

AUG 16 2006

JLSK-ATLANTA

CERTIFIED MAIL
RETURN RECEIPT REQUESTED

Ms. Barbara Ann Martin
4900 Plaza Drive, Apt. No. 146
Montgomery, AL  36111

---

FEED

1. Article Addressed To:

MS. BARBARA ANN MARTIN
4900 PLAZA DRIVE, APT. 146
MONTGOMERY, AL 36111

7111 1206 6450 0200 0165

7111 1206 6450 0200 0165

2. Article Number

3. Service Type
CERTIFIED

4. Restricted Delivery?  ☐ Yes
(Extra Fee)

COMPLETE THIS SECTION ON DELIVERY

A. Signature: (☐ Addressee or ☐ Agent)
X

B. Received By: (Please Print Clearly)

C. Date of Delivery

D. Addressee's Address (If Different From Address Used by Sender)

Secondary Address / Suite / Apt. / Floor (Please Print Clearly)

Delivery Address

City          State          ZIP + 4 Code

Blumberg Excelsior, Inc.
1 800 LAW MART *(929-6278)*
REORDER CAT. NO. 3086

CERTIFIED MAIL

7111 1206 6450 0200 0165

Sender:
GREGORY L. SMITH, JR.
1900 MARQUIS ONE TOWER
245 PEACHTREE CENTER AVENUE, N.E.
ATLANTA, GA 30303

# EXHIBIT D

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

BARBARA ANN MARTIN,                    )
                                       )
                    Plaintiff,         )
                                       )
v.                                     )    CIVIL ACTION NO.
                                       )
BIG LOTS STORES, INC.,                 )    2:06-CV-00379-MEF-CSC
                                       )
                    Defendant.         )
                                       )
                                       )

### DEFENDANT BIG LOTS STORES, INC.'S
### FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Defendant Big Lots

Stores, Inc. ("Big Lots" or the "Company") hereby requests that Plaintiff Barbara Ann Martin

("Plaintiff") answer the following Interrogatories within thirty (30) days of service and in

accordance with the following Instructions and Definitions.

### INSTRUCTIONS

A.      These Interrogatories are continuing in nature, and Plaintiff shall promptly

supplement her answers if she, or anyone acting on her behalf, obtains further or different

information after the initial answers are served.

B.      Plaintiff is to furnish all information available to her, including information

known to her attorneys, agents, investigators, employees, representatives, or other persons acting

on her behalf.

C.      If Plaintiff objects to an Interrogatory, the objection is to be stated in full, along

with a citation of any legal authority relied upon.  If an objection is stated with respect to a

portion of an Interrogatory, the remaining portion of the Interrogatory is to be answered

notwithstanding the objection. If Plaintiff objects to the scope or time period of an Interrogatory, the objection is to be stated and the Interrogatory answered for the scope and time period which Plaintiff believes is appropriate.

D.    If any Interrogatory cannot be answered in full after exercising due diligence to secure the information, so state and answer to the extent possible, specifying Plaintiff's inability to answer. If for any reason an answer is qualified, set forth the details of such qualification.

E.    Should Plaintiff assert a privilege as to any information that is requested, specify the general subject matter of the information and the basis for the contention that such information is privileged.

F.    Any sentence or phrase formed in the disjunctive shall also be read in the conjunctive, and vice versa.

G.    Any word formed in the singular shall also be read in the plural, and vice versa.

H.    Any verb formed in the present tense shall also be read in the past, imperfect, and future tenses, and vice versa.

I.    Any pronoun in the masculine gender shall also be read in the feminine gender, and vice versa.

J.    If any document identified was, but no longer is, in Plaintiff's custody, possession, or control, state what disposition was made of it, identify its present custodian, and state who ordered or authorized such disposition.

K.    In accordance with Rule 33 of the Federal Rules of Civil Procedure, the answers to these Interrogatories are to be made in writing under oath, and are to be signed by the person making them. Any objections are to be signed by the attorney(s) making them.

## DEFINITIONS

A.     As used herein, the term "document" means all original writings of any nature whatsoever and all copies thereof which are not identical to the original or which contain any commentary or notation that does not appear on the original, whether written, printed, recorded or graphic matter, photographic matter, or sound reproduction of any kind in any form whatsoever of which Plaintiff has knowledge, whether or not such documents are in Plaintiff's possession, custody, or control, and irrespective of who prepared or signed such documents. In all cases where originals and/or non-identical copies are not available, "documents" also means identical copies of original documents and copies of non-identical copies.

B.     The terms "identify" and "identity," when used with reference to a natural person, mean the person's full name, present position and employer, present residential and business address, and present residential and business telephone number. When used with reference to an entity other than a natural person, the terms mean the entity's full name, the address of its principal office or place of business, its business telephone number, and the identity of the officer, representative, agent or employee, current or former, who has any knowledge or information pertaining to the subject matter of the Interrogatory. When used with reference to a document, the terms mean the document's date, author, addressee, type (e.g., letter, memorandum, note, chart, etc.), and name and address of its present custodian. When used with reference to a communication, the terms mean the type of communication (oral statement, telephone conversation, etc.), the date it was made, the identity of the person(s) making it, the identity of the recipient(s), the identity of any witness(es), and the substance of the contents.

C.    As used herein, the term "person" means individuals or entities of any type, including, but not limited to, natural persons, governments (or any agencies thereof), quasi-public entities, corporations, partnerships, groups, mutual or joint ventures, and other forms of organizations or associations.

D.    "Date" shall mean the exact day, month, and year, if ascertainable, or if not, the best approximation thereof (including by relationship to other events).

E.    The phrase "describe in detail" calls for a complete description of all facts which are pertinent to the act, occurrence, or event in question, including where applicable, the date, time, place, circumstance, nature, substance, description, or explanation of the act, event, or occurrence, and the identity of all persons or entities involved in the act, event, or occurrence.

F.    The terms "you" and "your" refer to Plaintiff and/or any agent or representative acting on Plaintiff's behalf.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Provide the complete addresses of all locations where you have resided in the last ten (10) years and, for each such location, provide the dates of residence.

### RESPONSE:

**INTERROGATORY NO. 2:**

Identify all high schools, colleges, universities, trade schools, special skill classes, or other educational institutions you have attended or educational programs in which you have participated, and, for each such institution or program, specify:

     a.     the name and address of such institution or program;

     b.     the dates you attended such institution or participated in such program;

     c.     your grade point average;

     d.     all degrees, diplomas, certifications, or licenses sought and/or obtained from each such institution or program; and

     e.     the date you obtained each such degree, diploma, certification, or license.

**RESPONSE:**

**INTERROGATORY NO. 3:**

Identify by name, address, and telephone number each person or entity for whom you performed services during the ten (10) year period prior to your employment with Big Lots and during your employment with Big Lots (including self-employment), and describe your employment, including, but not limited to, the dates of your employment, the position(s) held, the name of your supervisor(s), your compensation (including salary, bonuses, and fringe benefits, and the date and amount of any raises), and, if applicable, the reason your employment ended.

**RESPONSE:**

**INTERROGATORY NO. 4:**

Identify by name, address, and telephone number each person or entity for whom you have performed services since your employment with Big Lots ended, and describe your employment, including, but not limited to, the dates of your employment, the position(s) held, the name of your supervisor(s), your compensation (including salary, bonuses, and fringe benefits, and the date and amount of any raises), and, if applicable, the reason your employment ended.

**RESPONSE:**

**INTERROGATORY NO. 5:**

Describe in detail all efforts you have made to obtain other employment since your employment with Big Lots ended, including, but not limited to, the name and address of any prospective employer or employment agency you contacted or that contacted you regarding potential employment, the method and date of each such contact, the position sought and the associated salary, the identity of the employer representative(s) you contacted or with whom you spoke, and the results of each such contact, including whether you were offered employment or whether you were rejected.

**RESPONSE:**

**INTERROGATORY NO. 6:**

Identify by name and address any physician, psychologist, healthcare provider, social worker, counselor, or other individual (or entity) with whom you have sought, and/or are currently seeking treatment or counseling for physical or emotional pain, suffering, inconvenience, mental anguish, stress, or anxiety allegedly caused by Big Lots, including the dates of each such treatment.

**RESPONSE:**

**INTERROGATORY NO. 7:**

If you have been examined by, treated by, or have otherwise consulted with a physician, psychiatrist, psychologist, therapist, or other healthcare provider in the last ten (10) years, identify each such healthcare provider by name and address and provide the dates of each such examination, treatment, or consultation, and a description of any complaint, examination results, diagnosis, treatment, and prognosis. The scope of this Interrogatory includes, but is not limited to, any healthcare provider from whom you have received treatment in connection with any allegations in this lawsuit.

**RESPONSE:**

**INTERROGATORY NO. 8:**

Please state the name and dosage of any medications that have been prescribed to you in the last ten (10) years, and, for each medication, provide the name and address of the medical provider who prescribed such medication, the reason such medication was prescribed, and the period such medication was taken.

**RESPONSE:**

**INTERROGATORY NO. 9:**

Identify by name, date, agency, or court any judicial and administrative proceedings (civil, bankruptcy, or criminal, including, but not limited to, social security proceedings, bankruptcy proceedings, or unemployment proceedings), other than this action, to which you have been a party or witness and describe the nature of the proceeding, including the subject matter, location, jurisdiction, nature of your involvement, including any testimony you may have given, and the outcome or present status.

**RESPONSE:**

**INTERROGATORY NO. 10:**

Identify each charge or complaint that you have ever filed with any government agency, and describe in detail the nature of the charge(s) or complaint(s) and the outcome(s).

**RESPONSE:**

**INTERROGATORY NO. 11:**

Identify all persons with whom you have communicated concerning the facts, allegations, or issues involved in this action, including, without limitation, any current or former employees of Big Lots, and describe in detail the substance, date, time, and location of each communication.

**RESPONSE:**

**INTERROGATORY NO. 12:**

Describe in detail any complaint you made to any Big Lots employee or representative concerning harassment, discrimination, or retaliation, or other unlawful conduct, including, but not limited to, the name and title of the individual to whom you complained, the date of such complaint, the precise nature of the complaint (specifying your statements), and the response of the person to whom you complained.

**RESPONSE:**

**INTERROGATORY NO. 13:**

State whether any statement, written or otherwise, was obtained from anyone who was interviewed or questioned on your behalf in connection with this litigation.  If your answer is in the affirmative, identify the person(s) giving such statement(s), the date(s) of the statement(s), identify all persons who have present custody of the statement(s), identify any person who has seen or examined such statement(s), and describe the statement(s) in detail.

**RESPONSE:**

**INTERROGATORY NO. 14:**

Identify each person having personal knowledge of any facts or matters that support or controvert your claims or allegations in this action, and describe in detail the nature and extent of the knowledge possessed by each such person.

**RESPONSE:**

**INTERROGATORY NO. 15:**

Identify each person whom you may call as a witness at the trial of this case, and, for each such person, state the substance of the testimony he or she is expected to give.

**RESPONSE:**

**INTERROGATORY NO. 16:**

Identify each document, communication, photograph, audiotape, videotape, computer file, electronic communication or file, or other recording that refers or relates to any facts or matters alleged in the Complaint, including the relief sought, or in your answers to these Interrogatories, including, but not limited to, those documents you may introduce into evidence or use in any manner during the course of this litigation, including trial.

**RESPONSE:**

**INTERROGATORY NO. 17:**

Identify and state the qualifications and areas of expertise of each person you intend to call as an expert witness for any issue in this action, the subject matter on which each expert is expected to testify, the substance of the facts and opinions to which each expert is expected to testify, a summary of the grounds for each opinion, all documents and other information which have been provided to or received from each such person, and any additional information set forth in FED. R. CIV. P. 26(a)(2)(A) and (B).

**RESPONSE:**

**INTERROGATORY NO. 18:**

Identify any expert who has been consulted, retained, or employed by you in anticipation of this litigation or preparation for trial, but who is not expected to be called at trial.

**RESPONSE:**

**INTERROGATORY NO. 19:**

Itemize all damages you claim to have suffered as a result of the alleged unlawful conduct by Big Lots, and specify the nature of the damages, the dollar amount, and how you calculate the amount. Please fully answer this Interrogatory with all information available at this time and timely supplement your response in accordance with the Federal Rules of Civil Procedure.

**RESPONSE:**

Respectfully submitted this _16_ day of August, 2006.

_Stephen X. Munger_
Stephen X. Munger
Georgia Bar No. 529611
Gregory L. Smith, Jr.
Georgia Bar No. 658369
JACKSON LEWIS LLP
1900 Marquis One Tower
245 Peachtree Center Avenue, N.E.
Atlanta, Georgia  30303-1226
Telephone:    404-525-8200
Facsimile:    404-525-1173

LOCAL COUNSEL:

Joseph T. Carpenter
Alabama Bar No. 5114C59J
CARPENTER, INGRAM & MOSHOLDER, LLP
303 Sterling Centre
4121 Carmichael Road
Montgomery, Alabama  36106
Telephone:    334-213-5600
Facsimile:    334-213-5650

ATTORNEYS FOR DEFENDANT
BIG LOTS STORES, INC.

## CERTIFICATE OF SERVICE

I, Stephen X. Munger, do hereby certify I have served Plaintiff with the foregoing

**DEFENDANT BIG LOTS STORES, INC.'S FIRST SET OF INTERROGATORIES** by

causing a copy to be hand-delivered to:

Barbara Ann Martin
4900 Plaza Drive, Apartment No. 146
Montgomery, Alabama  36116

This, the _16_ day of August, 2006.


Stephen X. Munger

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BARBARA ANN MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | |
| BIG LOTS STORES, INC., | ) | 2:06-CV-00379-MEF-CSC |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## DEFENDANT BIG LOTS STORES, INC.'S FIRST
## REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Big Lots Stores, Inc. ("Big Lots" or the "Company") hereby serves Plaintiff Barbara Ann Martin ("Plaintiff") with the following Requests for Production of Documents. The requested documents should be made available for inspection and copying at the law offices of Jackson Lewis LLP within thirty (30) days of service of these Requests.

### INSTRUCTIONS

A.    These Requests are continuing in nature, and Plaintiff shall promptly supplement her responses if she, or anyone acting on her behalf, obtains additional documents after the initial responses are served.

B.    If Plaintiff objects to a Request, the objection is to be stated in full, along with a citation of any legal authority relied upon. If an objection is stated with respect to a portion of a Request, the remaining portion of the Request should be responded to notwithstanding the objection.

C.      Any sentence or phrase formed in the disjunctive shall also be read in the conjunctive, and vice versa.

D.      Any word formed in the singular shall also be read in the plural, and vice versa.

E.      Any verb formed in the present tense shall also be read in the past, imperfect, and future tenses, and vice versa.

F.      Any pronoun in the masculine gender shall also be taken in the feminine gender, and vice versa.

G.      If any document was, but no longer is, in Plaintiff's custody, possession, or control, state what disposition was made of it, identify its present custodian, and state who ordered or authorized such disposition.

H.      If any form of privilege is claimed as grounds for not producing a document, state: (a) the number of the Request(s) to which the document is responsive; (b) the nature of and basis for the privilege claimed; (c) the document's date, author, addressee, type (e.g., letter, memorandum, note, chart, etc.), number of pages, and general subject matter; (d) the identity of all persons who have knowledge of the contents of the document; (e) the identity of each person to whom copies of the document have ever been furnished; (f) the addresses and telephone numbers of the author and those individuals who received copies; and (g) whether the document contains any non-privileged material and, if so, a description thereof.

I.      These Requests encompass all documents in the possession, custody, or control of Plaintiff or to which Plaintiff has access, whether or not such documents were prepared by or for Plaintiff.  It includes all documents in the possession, custody or control of Plaintiff's attorneys, agents, investigators, employees, representatives, or other parties acting on Plaintiff's behalf, unless privileged.

2

J.      Plaintiff shall either organize and label the produced documents to correspond with the paragraphs in the following Requests or shall produce them as they are kept in the usual course of business.

## DEFINITIONS

A.      As used herein, the term "document" is defined so as to reach all written or printed matter within the scope of Rule 34 of the Federal Rules of Civil Procedure and all "writings and recordings" as defined in Rule 1001 of the Federal Rules of Evidence, including writings, drawings, graphs, charts, photographs, films, mechanical or electronic recordings, and any other data or information compilations from which information can be obtained; the term also includes all drafts, alterations, modifications, and non-identical copies of any of the foregoing.

B.      The terms "relevant" or "relate(s)" are defined so as to reach all matters within the scope of discovery under the Federal Rules of Civil Procedure, including all matters which, though inadmissible at the trial, are reasonably calculated to lead to the discovery of admissible evidence.

C.      The term "person" includes a natural person, corporation, partnership, other business association or entity, and any governmental body.

D.      The terms "you" and "your" refer to Plaintiff and/or any agent or representative acting on Plaintiff's behalf.

## DOCUMENTS TO BE PRODUCED

Plaintiff is requested to produce the following documents:

## REQUEST NO. 1:

All documents, including, but not limited to, audio/visual electronic recordings and communications, tape recordings, and photographs, which relate to, refer to, support, or controvert the allegations you have made in this lawsuit.

## RESPONSE:

**REQUEST NO. 2:**

All documents which refer to, relate to, or describe your educational background, occupational training, work experience, and qualifications, including, but not limited to, all resumes, transcripts, diplomas, licenses, and certifications.

**RESPONSE:**

**REQUEST NO. 3:**

All documents that relate in any way to your employment with any employer (including self-employment) within the ten (10) year period <u>prior to your employment with Big Lots or during your employment with Big Lots</u>, including, but not limited to, applications, email messages, diaries, journals, calendars, daytimers, notes, complaints, memoranda, correspondence, incident reports, pay records or stubs, expense reports, performance evaluations, applications or requests for promotion, disciplinary records, benefit descriptions, logs, reports, and separation documents.

**RESPONSE:**

**REQUEST NO. 4:**

All documents that relate in any way to your employment with any employer (including self-employment) <u>since your employment with Big Lots ended</u>, including, but not limited to, applications, email messages, diaries, journals, calendars, daytimers, notes, complaints, memoranda, correspondence, incident reports, pay records or stubs, expense reports, sales records, performance evaluations, applications or requests for promotion, disciplinary records, benefit descriptions, logs, reports, and separation documents.

**RESPONSE:**

**REQUEST NO. 5:**

All documents that relate in any way to any attempts you have made to obtain employment with any person or entity since your employment with Big Lots ended, including, but not limited to, correspondence to and from such person or entity (including electronic communications), applications, resumes, notes, and telephone logs.

**RESPONSE:**

**REQUEST NO. 6:**

All documents which relate in any way to your employment with Big Lots, or the claims in this lawsuit, including, but not limited to, applications, email messages, diaries, journals, calendars, daytimers, notes, complaints, memoranda, correspondence, incident reports, pay records or stubs, expense reports, performance evaluations, applications or requests for promotions, disciplinary records, employee handbooks, employment policies, benefit descriptions, logs, reports, and separation documents.

**RESPONSE:**

**REQUEST NO. 7:**

All documents which refer to, relate to, or describe any complaints you made to any Big Lots employee or representative regarding unlawful conduct, including, but not limited to, email messages, notes, memoranda, correspondence, and tape recordings.

**RESPONSE:**

## REQUEST NO. 8:

All documents in your possession which refer to or relate to Big Lots.

## RESPONSE:

**REQUEST NO. 9:**

All documents which relate to, refer to, or describe any oral or written communications or statements made by any past or present officer, agent, employee, representative, or consultant of Big Lots concerning any allegations in the Complaint, or pertaining to this action, related administrative or judicial actions, or their subject matters.

**RESPONSE:**

## REQUEST NO. 10:

All documents consisting of, or relating or referring to, any statements taken from or given by you or taken from or given by any other individual regarding the claims alleged in the Complaint or concerning the subject matter of this lawsuit.

## RESPONSE:

**REQUEST NO. 11:**

All documents which relate to, refer to, or describe any medical treatment that you have received in the past ten (10) years, including, but not limited to, medical records, written evaluations, statements, diagnoses, medical assessments, notes, and prescriptions, as well as any other documents that relate to, refer to, or describe your medical, physical, mental, or emotional condition during the past ten (10) years.

**RESPONSE:**

**REQUEST NO. 12:**

All documents which relate to, refer to, support, or controvert the allegations in Paragraphs 4, 6, 7, 8, and 9 of your Complaint.

**RESPONSE:**

**REQUEST NO. 13:**

All documents which relate to, refer to, or describe the judicial and/or administrative proceedings (civil, bankruptcy, or criminal, including, but not limited to, social security proceedings, bankruptcy proceedings, or unemployment proceedings), other than this action, to which you have been a party, or a witness at a deposition, via affidavit, or at a hearing or trial.

**RESPONSE:**

**REQUEST NO. 14:**

All documents regarding allegations of unlawful conduct relating to Big Lots, or any other employer or individual, that you provided to or received from the Equal Employment Opportunity Commission or any other governmental agency, whether federal, state, or local.

**RESPONSE:**

**REQUEST NO. 15:**

All documents reflecting income or compensation of any kind that you have received, including, but not limited to, pay records and stubs and your complete state and federal income tax returns and W-2 forms, from January 1, 2001 through the present.

**RESPONSE:**

**REQUEST NO. 16:**

All documents which relate to, refer to, describe, support, or controvert any and all damages (by nature and amount, including punitive) that you claim you are entitled to receive from Big Lots.

**RESPONSE:**

**REQUEST NO. 17:**

All documents referring to or identifying any experts with whom you or anyone acting on your behalf have consulted on any issue for this case or whom you expect to call as a witness at trial, including all documents referring or relating to the subject matter of any such expert's testimony, as well as the substance of all facts and opinions, and grounds for such opinions, to be presented in connection with such expected testimony.

**RESPONSE:**

**REQUEST NO. 18:**

All documents which were relied upon, referred to, or identified in your Initial Disclosures and responses to Big Lots' Interrogatories.

**RESPONSE:**

**REQUEST NO. 19:**

Any other documents referring or relating to any claims or defenses in this matter, including, but not limited to, those documents you may introduce into evidence or use in any manner during the course of this litigation, including trial.

**RESPONSE:**

Respectfully submitted this _16_ day of August, 2006.

Stephen X. Munger,
Georgia Bar No. 529611
Gregory L. Smith, Jr.
Georgia Bar No. 658369
JACKSON LEWIS LLP
1900 Marquis One Tower
245 Peachtree Center Avenue, N.E.
Atlanta, Georgia  30303-1226
Telephone:    404-525-8200
Facsimile:    404-525-1173

LOCAL COUNSEL:

Joseph T. Carpenter
Alabama Bar No. 5114C59J
CARPENTER, INGRAM & MOSHOLDER, LLP
303 Sterling Centre
4121 Carmichael Road
Montgomery, Alabama  36106
Telephone:    334-213-5600
Facsimile:    334-213-5650

ATTORNEYS FOR DEFENDANT
BIG LOTS STORES, INC.

## CERTIFICATE OF SERVICE

I, Stephen X. Munger, do hereby certify I have served Plaintiff with the foregoing

**DEFENDANT BIG LOTS STORES, INC.'S FIRST REQUESTS FOR PRODUCTION OF**

**DOCUMENTS** by causing a copy to be hand-delivered to:

Barbara Ann Martin
4900 Plaza Drive, Apartment No. 146
Montgomery, Alabama 36116

This, the 16 day of August, 2006.

Stephen X. Munger

# EXHIBIT E



**jackson | lewis**

Attorneys at Law

| | | | |
|---|---|---|---|
| Jackson Lewis LLP | ATLANTA, GA | LOS ANGELES, CA | RALEIGH-DURHAM, NC |
| 1900 Marquis One Tower | BOSTON, MA | MIAMI, FL | SACRAMENTO, CA |
| 245 Peachtree Center Avenue, NE | CHICAGO, IL | MINNEAPOLIS, MN | SAN FRANCISCO, CA |
| Atlanta, Georgia 30303-1226 | DALLAS, TX | MORRISTOWN, NJ | SEATTLE, WA |
| Tel 404 525-8200 | GREENVILLE, SC | NEW YORK, NY | STAMFORD, CT |
| Fax 404 525-1173 | HARTFORD, CT | ORLANDO, FL | WASHINGTON, DC REGION |
| www.jacksonlewis.com | LONG ISLAND, NY | PITTSBURGH, PA | WHITE PLAINS, NY |

Stephen X. Munger
Direct Dial: 404-586-1846
Email Address: mungers@jacksonlewis.com


August 16, 2006


**VIA HAND DELIVERY & U.S. MAIL**

Ms. Barbara Ann Martin
4900 Plaza Drive
Apartment No. 146
Montgomery, Alabama 36116

> Re:    Barbara Ann Martin v. Big Lots Stores, Inc.;
> Civil Action No. 2:06-CV-00379-MEF

Dear Ms. Martin:

We have enclosed Defendant Big Lots Stores, Inc.'s First Set of Interrogatories and First Requests for Production of Documents.  Please provide timely responses by September 15th in compliance with Rules 33 and 34 of the Federal Rules of Civil Procedure to the office of Joseph T. Carpenter, Carpenter, Ingram & Mosholder, LLP, located at 303 Sterling Centre, 4121 Carmichael Road, Montgomery, Alabama, 36106.

Also, we have enclosed a Notice of Deposition.  This notice requires you to appear at Carpenter, Ingram & Mosholder, LLP on September 21, 2006 at 9:30 a.m.

Please contact me at your earliest convenience if you are unable to be deposed on September 21.


Very truly yours,

JACKSON LEWIS LLP

Stephen X. Munger


SXM/srt
Enclosures

# EXHIBIT F

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 8/20/06 | 4900 Plaza Drive Apt 146 Montgomery, AL |

SERVED ON (PRINT NAME)

Brenda Martin

MANNER OF SERVICE

Personal

SERVED BY (PRINT NAME)

Toby Horne

TITLE

Special

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ___8/20/06___
             DATE

SIGNATURE OF SERVER

P.O. Box 240831
ADDRESS OF SERVER

Montgomery

**Executed service of Defendant's First Set of Interrogatories, First Request for Production of Documents and Notice of Deposition

# EXHIBIT G



**jackson | lewis**
Attorneys at Law

Jackson Lewis LLP
1900 Marquis One Tower
245 Peachtree Center Avenue, NE
Atlanta, Georgia 30303-1226
Tel 404 525-8200
Fax 404 525-1173
www.jacksonlewis.com

ATLANTA, GA
BOSTON, MA
CHICAGO, IL
DALLAS, TX
GREENVILLE, SC
HARTFORD, CT
LONG ISLAND, NY

LOS ANGELES, CA
MIAMI, FL
MINNEAPOLIS, MN
MORRISTOWN, NJ
NEW YORK, NY
ORLANDO, FL
PITTSBURGH, PA

RALEIGH-DURHAM, NC
SACRAMENTO, CA
SAN FRANCISCO, CA
SEATTLE, WA
STAMFORD, CT
WASHINGTON, DC REGION
WHITE PLAINS, NY

GREGORY L. SMITH, JR.
DIRECT DIAL: 404-586-1816
EMAIL ADDRESS: SMITHG@JACKSONLEWIS.COM

September 21, 2006

**VIA U.S. MAIL AND CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Ms. Barbara Ann Martin
4900 Plaza Drive
Apartment No. 146
Montgomery, Alabama 36116

Re:    Barbara Ann Martin v. Big Lots Stores, Inc.;
Civil Action No. 2:06-CV-00379-MEF

Dear Ms. Martin:

On July 25, 2006, we served you with Big Lots Stores, Inc.'s First Set of Interrogatories and First Requests for Production via certified mail. We again served you with Big Lot Stores, Inc.'s First Set of Interrogatories and First Requests for Production by U.S. mail on August 16, 2006, and via hand-delivery on August 20, 2006. To date, we have not received your responses, which were due within thirty (30) days of service. See Fed. R. Civ. P. 33, 34.

Please be advised that, if we do not receive your responses or otherwise hear from you by **Thursday, September 28, 2006,** we will file a Motion to Compel and/or Motion to Dismiss with the Court.

Additionally, we sent you authorizations for the release of your medical and psychiatric information on July 25, 2006, and we asked that you return the signed and notarized authorizations to us by August 15, 2006. To date, we have not received the authorizations. Please provide them to us on or before September 28, 2006.

Lastly, Kim Traff, a legal assistant at Carpenter, Ingram & Mosholder, LLP, has informed us that you called and said you are unavailable to be deposed on September 21, 2006, the date on which we noticed your deposition. Please contact me on or before September 28 and provide your available dates to be deposed during the first two weeks of October.



Attorneys at Law

We appreciate your cooperation.

Very truly yours,

JACKSON LEWIS LLP

Gregory L. Smith, Jr.

GLSjr/jb

# EXHIBIT H



**jackson | lewis**
Attorneys at Law

Jackson Lewis LLP
1900 Marquis One Tower
245 Peachtree Center Avenue, NE
Atlanta, Georgia 30303-1226
Tel 404 525-8200
Fax 404 525-1173
www.jacksonlewis.com

ATLANTA, GA
BOSTON, MA
CHICAGO, IL
DALLAS, TX
GREENVILLE, SC
HARTFORD, CT
LONG ISLAND, NY

LOS ANGELES, CA
MIAMI, FL
MINNEAPOLIS, MN
MORRISTOWN, NJ
NEW YORK, NY
ORLANDO, FL
PITTSBURGH, PA

RALEIGH-DURHAM, NC
SACRAMENTO, CA
SAN FRANCISCO, CA
SEATTLE, WA
STAMFORD, CT
WASHINGTON, DC REGION
WHITE PLAINS, NY

Gregory L. Smith, Jr.
Direct Dial: (404) 586-1816
Email Address: smithg@jacksonlewis.com

July 25, 2006

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Ms. Barbara Ann Martin
4900 Plaza Drive, Apt. 146
Montgomery, Alabama 36116

Re:    Barbara Ann Martin v. Big Lots Stores, Inc.;
Civil Action No. 2:06-CV-00379-MEF

Dear Ms. Martin:

As your medical and psychiatric conditions are at issue in this action, we have enclosed authorizations for the release of your medical and psychiatric information.  Please return the signed and notarized authorizations to my attention by **August 15, 2006**.

If you have any questions, please give me a call.

Very truly yours,

JACKSON LEWIS LLP

Gregory L. Smith, Jr.

GLSjr./srt
Enclosures