IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BARBARA ANN MARTIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:06cv379-MEF |
| | ) | |
| BIG LOTS STORE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

The complaint in this case was filed *pro se* on April 26, 2006. On July 7, 2006, the court held a status and scheduling conference at which the plaintiff was present. At that time, the court explained to the plaintiff her responsibility to respond to discovery requests and orders of the court. On October 19, 2006, the defendant filed a motion to reconsider its motion to compel. (Doc. # 20). On October 20, 2006, the court issued an order directing the plaintiff to show cause why the defendant's motion to compel should not be granted. (Doc. # 21). The order mailed to the plaintiff has been returned to the court as undeliverable. The plaintiff has failed to provide the court with her correct address.

On November 6, 2006, the court issued an order directing the plaintiff to show cause why this case should not be dismissed for want of prosecution and failure to respond to the orders of this court. (Doc. # 22). The plaintiff was specifically warned that "**[i]f [she] fails to file a response as required by this order, the court will treat [her] failure to respond as an abandonment of the claims set forth in the complaint and as a failure to prosecute**

**this action. Moreover, the plaintiff is specifically cautioned that if she fails to file a response in compliance with the directives of this order the undersigned will recommend this case be dismissed for such failure."** (*Id.*) (emphasis in original)  The plaintiff has filed nothing in response to the orders of the court.  The court therefore concludes that this case is due to be dismissed.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed for the plaintiff's abandonment of her claims, failure to prosecute this action and failure to comply with the orders of the court.  It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **December 11, 2006.**  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the

decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 28th day of November, 2006.

    /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE